## DAVIS v. WILLIAMS, Adm'x.

No. 26621. Feb. 8, 1938.

W. I. Williams and Phil W. Davis, Jr., for plaintiff in error.

Harry Seaton and Henry Duncan, for defendant in error.

WELCH. J. The controlling question is whether a certain order made by the county court in a probate cause was an appealable order under section 1397. O. S. 1931.

Essential facts are that the deceased in his lifetime had commenced an action in a proper court against a former guardian. seeking recovery of money therein alleged to be in default and due from his former guardian. The action was undisposed of upon plaintiff's death. A special administratrix of his estate was appointed, and she filed application in the administration case for permission to employ attorneys and pay a reasonable retainer fee, to revive and prosecute the action against the former guardian of deceased. That application came on for

hearing. A creditor of the estate objected and moved to dismiss the application. That motion was sustained, the county court refused to hear the application and dismissed the same, whereupon the administratix appealed to the district court.

In the district court the creditor again objected, and moved to dismiss the appeal. That motion was overruled and the appeal heard. The district court reversed the order of the county court and remanded the cause, directing the county court in effect to vacate its order dismissing the application, and to proceed to hear the application on its merits.

From that order and judgment in the district court, the creditor prosecutes this appeal and presents assignments of error which are disposed of by a determination of the controlling question whether the original order of the county court was an appealable order under section 1397, O. S. 1931. That section in the first seven subdivisions specifies various orders which are appealable, and by subdivision 8 provides that an appeal may be taken "from any other judgment, decree, or order of the county court in a probate cause or of the judge thereof affecting a substantial right."

In 3 C. J. 453, it is said, "by substantial right is meant matter of substance as distinguished from matter of mere form."

While this court has not passed on the exact question whether such an order is appealable, it seems beyond question that such an order does affect "a substantial right." The administrator is in a very definite sense the custodian of the estate and trustee for the heirs and creditors, with the duty and the right to collect and preserve the estate. If the services of an attorney are necessary to preserve or collect assets, then the expense thereof is wholly legitimate and proper. In any event, the county court should have heard this application of the administratrix and should have granted or denied the same on the merits. It does not appear that any injustice could result from the conclusion that the order here involved was an appealable order, and we conclude that the original order of the county court did affect "a substantial right" and was appealable.

The plaintiff in error here urges and contends in effect that this order of the county court was a discretionary order and for that reason was not an appealable order. The authority relied upon supporting that contention is the general rule that orders involving mere questions of practice or procedure which are discretionary with the county court are not appealable, but the general rule is stated in 3 C. J. 454, that "the fact that a matter is discretionary does not prevent it from being a matter affecting a substantial right." We know, of course, that many of the orders specifically named in the first seven subdivisions of section 1397, O. S. 1931, might be termed discretionary orders in that they are made in the discretion of the county court. We cannot follow the contention here urged that this order is not an appealable order merely because it is a discretionary order.

The plaintiff in error here urges that the application originally presented in the county court should not have been granted on the merits, and it is urged that subsequent events have demonstrated this to be true. If that be so, then perhaps the same would have been disclosed upon a hearing on the application in the county court on its merits. At any rate, we must assume the county court originally would have correctly acted on the application, and that such court will correctly act upon the application when it is heard on its merits, but this does not change the fact that it was the duty of the county court to hear the application on its merits. This the county court is required to do by the judgment of the district court which is here attacked on appeal.

Having concluded that the original order from the county court was an appealable order, it follows that the district court correctly overruled the creditor's motion to dismiss, and the judgment of the district court here appealed from is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, and DAVISON, JJ., concur. PHELPS, J., dissents. HURST, J., not participating.