**MASHUNKASHEY et al. v. WILLIAMS, Adm'x.**

No. 27022. Feb. 8, 1938.

W. I. Williams and Phil W. Davis, Jr., for plaintiffs in error.

Harry Seaton and Henry Duncan, for defendant in error.

WELCH. J. This is a companion case with No. 26621, this day decided, 182 Okla. 80, 76 P.2d 251, and likewise presents as the controlling question whether a certain order made by the county court in a probate cause was an appealable order under section 1397, O. S. 1931. Here the special administratrix made application to the county court for permission to appeal from the United States District Court to the United States Circuit Court of Appeals in an action which the deceased had instituted before his death, and which the administratrix was continuing to prosecute for the recovery of money from a former guardian of the deceased, alleged to be in default. Here, as in the companion case, objection was made and the county court denied and refused the application, and the administratrix appealed to the district court.

In the district court the creditor again objected and moved to dismiss the appeal. That motion was overruled and the appeal heard. The district court reversed the order of the county court and remanded the cause directing the county court in effect to grant the application of the special administratrix and authorize her to prosecute such appeal to the United States Circuit Court of Appeals, and further authorizing the administratrix to withdraw from the Osage Indian Agency the sum of $250 for the expenses of such appeal, it being shown and determined that such sum would be reasonable.

From the order and judgment of the district court the creditor prosecutes this appeal. He does not contend that the district court judgment is excessive or unreasonable as to the amount of money involved. His assignments of error are based upon his contention that the original order of the county court is not an appealable order, and if said order was an appealable order under section 1397, O. S. 1931, then the judgment of the district court must be affirmed.

For the reasons stated in our opinion in the companion case, No. 26621, we hold that it was the duty of the county court to hear and pass upon this application of the administratrix, and that the order of the county court was an appealable order for the reason that it affected "a substantial right."

Here likewise the creditor contends that subsequent events show that the application should not have been granted on the merits, but that cannot change the fact that the order of the county court did affect "a substantial right," and was an appealable order.

The judgment of the district court is affirmed.

OSBORN, C. J.. BAYLESS, V. C. J., and RILEY, CORN, GIBSON, and DAVISON, JJ., concur. PHELPS. J., dissents. HURST, J., disqualified and not participating.